UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLYNN DURAN,<br><br>**Plaintiff**<br><br>v.<br><br>RYAN LEPORE and AIDEN JOBEL GOMEZ,<br><br>**Defendants** | CASE NO. 1:20-CV-1495 AWI EPG<br><br>**ORDER SUA SPONTE REMANDING MATTER TO THE MERCED COUNTY SUPERIOR COURT** |

Defendants removed this case from the Superior Court of Merced County on October 22, 2020. See Court's Docket Doc. No. 1. Defendants assert that the basis for removal is the presence of a federal question. Specifically, Defendants contend that 15 U.S.C. § 1692 and the Fourteenth Amendment of the Constitution are implicated by Plaintiff's complaint.

A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 967 (9th Cir. 2004). The removal statute (28 U.S.C. § 1441) is strictly construed against removal jurisdiction. Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010); Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). It is presumed that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting

1  jurisdiction. Geographic Expeditions, 599 F.3d at 1106-07; Hunter v. Philip Morris USA, 582
2  F.3d 1039, 1042 (9th Cir. 2009). "The strong presumption against removal jurisdiction" means
3  that "the court resolves all ambiguity in favor of remand to state court." Hunter, 582 F.3d at 1042;
4  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). That is, federal jurisdiction over a
5  removed case "must be rejected if there is any doubt as to the right of removal in the first
6  instance." Geographic Expeditions, 599 F.3d at 1107; Duncan v. Stuetzle, 76 F.3d 1480, 1485
7  (9th Cir. 1996); Gaus, 980 F.2d at 566. "If at any time prior to judgment it appears that the district
8  court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); Gibson
9  v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is
10 mandatory, not discretionary." Bruns v. NCUA, 122 F.3d 1251, 1257 (9th Cir. 1997); see
11 California ex. rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004). That is, the court
12 "must dismiss a case when it determines that it lacks subject matter jurisdiction, whether or not a
13 party has filed a motion." Page v. City of Southfield, 45 F.3d 128, 133 (6th Cir. 1995).

14      "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded
15 complaint rule,' which provides that federal jurisdiction exists only when a federal question is
16 presented on the face of the plaintiff's properly pleaded complaint." California v. United States,
17 215 F.3d 1005, 1014 (9th Cir. 2000); see Dynegy, 375 F.3d at 838; Duncan, 76 F.3d at 1485.
18 Under the "well-pleaded complaint" rule, courts look to what "necessarily appears in the
19 plaintiff's statement of his own claim in the bill or declaration, unaided by anything in anticipation
20 of avoidance of defenses which it is thought the defendant may interpose." California, 215 F.3d at
21 1014. Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the
22 defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense
23 is the only question truly at issue." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987);
24 Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002); see also Vaden v.
25 Discover Bank, 129 S. Ct. 1262, 1278 (2009) ("It does not suffice to show that a federal question
26 lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise
27 under federal law.").

28      Here, Defendants have not shown that removal is appropriate. The complaint filed by

1  Plaintiff is an unlawful detainer action that seeks less than $10,000 in damages.  The complaint is
2  based entirely on state law.  Because there is no federal question appearing in Plaintiff's
3  complaint, Defendants have failed to invoke this Court's subject matter jurisdiction.  Remand to
4  the Merced County Superior Court is appropriate and mandatory.  28 U.S.C. § 1447(c);
5  Geographic Expeditions, 599 F.3d at 1107; Bruns, 122 F.3d at 1257; Page, 45 F.3d at 133.
6  　　　Accordingly, IT IS HEREBY ORDERED that, per 28 U.S.C. § 1447(c), due to this Court's
7  lack of subject matter jurisdiction, this case is REMANDED forthwith to the Superior Court of
8  Merced County.

10  IT IS SO ORDERED.

11  Dated:  October 23, 2020                    _____
　　　　　　　　　　　　　　　　　　　　　　SENIOR  DISTRICT  JUDGE